UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARMEN WALLACE and BRODERICK BRYANT, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.<br><br>Defendants | Civil Action No. 1:18-cv-04538 |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

I.  **INTRODUCTION**

1. This is a collective and class action brought on behalf of delivery drivers who have worked for GrubHub Holdings Inc. and GrubHub Inc. (together referred to as "GrubHub"). GrubHub is a food delivery service that employs delivery drivers who can be scheduled and dispatched through a mobile phone application or through GrubHub's website and who deliver food orders from restaurants to customers at their homes and businesses.[1]

---

[1] Plaintiffs were previously opt-in plaintiffs in the related case of <u>Souran v. GrubHub Holdings Inc. et al</u>, No. 16-cv-6720 (N.D. Ill.), which contains virtually identical allegations to this case. Plaintiffs have withdrawn their opt-ins in the <u>Souran</u> case and have filed this case on behalf of numerous GrubHub drivers who attempted to opt-in to the <u>Souran</u> case but submitted their opt-in forms past the deadline. Because GrubHub would not agree to these drivers' opt-in forms being submitted late in the <u>Souran</u> case, Plaintiffs have filed this new case as a related case.

2. As described further below, GrubHub has misclassified its delivery drivers as independent contractors and, in so doing, has committed wage and hour violations under a variety of federal and state statutes, including: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*; and (3) the California Labor Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208.

3. Plaintiffs bring these claims under the FLSA on behalf of themselves and similarly situated GrubHub delivery drivers across the country who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

4. Plaintiffs also bring these claims under the laws of the states in which they have worked pursuant to Fed. R. Civ. P. 23.

## II. PARTIES

5. Plaintiff Carmen Wallace is an adult resident of Chicago, Illinois. Ms. Wallace worked as a delivery driver for GrubHub in Chicago, Illinois, from approximately July 2016 to March 2017.

6. Plaintiff Broderick Bryant is an adult resident of Norwalk, California. Mr. Bryant has worked as a delivery driver for GrubHub in Long Beach, California, since approximately May 2016 and continues to work for GrubHub.

7. Plaintiffs bring this action on behalf of GrubHub delivery drivers across the country, who may choose to "opt-in" to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. Plaintiff Wallace also brings claims under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, on behalf of GrubHub delivery drivers who have worked in Illinois, pursuant to Fed. R. Civ. P. 23.

9. Plaintiff Bryant also brings claims under Cal. Lab. Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208 on behalf of GrubHub delivery drivers who have worked in California, pursuant to Fed. R. Civ. P. 23.

10. Defendants GrubHub Holdings Inc. and GrubHub Inc. (together "GrubHub") are Delaware corporations with their principal place of business in Chicago, Illinois. Defendants run a business that provides food delivery services throughout the country.

## II. JURISDICTION AND VENUE

11. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

12. The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Wallace worked for GrubHub in Chicago, Illinois, and GrubHub's principal place of business is in Chicago, Illinois.

## IV. STATEMENT OF FACTS

13. GrubHub is a business that provides food delivery service to customers in cities throughout the country via an on demand dispatch system.

14. GrubHub offers customers the ability to request a food delivery on a mobile phone application or online through its website.

15. GrubHub delivery drivers fulfill these food delivery orders by traveling – via car or bicycle – to the requested restaurant, picking up the customer's food order, and then delivering the order to the customer at their home or business.

16. GrubHub's website advertises that "GrubHub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants."

17. Although classified as independent contractors, GrubHub delivery drivers are employees under federal and state law. GrubHub directs the delivery drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by GrubHub regarding handling of the food and timeliness of the deliveries. GrubHub retains the right to terminate the drivers at will.

18. In addition, GrubHub is in the business of providing food delivery services to customers, and this is the very service its drivers provide. The drivers' services are fully integrated into, and indeed essential to, GrubHub's food delivery business.

19. GrubHub drivers typically work on scheduled shifts (such as blocks of time lasting between one and four hours). While drivers are on shift, they must stay within an area assigned by GrubHub and must remain available to accept delivery assignments.

20. During their shifts, drivers are frequently contacted by dispatchers who instruct them on what they need to be doing and where they need to be. If the drivers did not follow the dispatchers' instructions, they will not receive job assignments, or their shifts will be cancelled. The drivers also risk termination if they do not adhere to the dispatchers' instructions.

21.     During their shifts, drivers are typically assigned at least one and sometimes as many as four delivery jobs per hour. Delivery assignments can typically take between thirty minutes and an hour and a half to complete.

22.     Drivers are required to accept job assignments during their shifts. If a driver's job acceptance rate falls below what GrubHub deems acceptable, GrubHub may terminate the driver or not pay them a guaranteed hourly rate.  Frequently drivers receive multiple job assignments at the same time and so cannot always accept all of them. However, in order to avoid being terminated, they must accept as many assignments as possible.

23.     While on shift, drivers are required to remain in their cars or with their bicycles, or very near to their cars or bicycles in the zone that GrubHub has designated so that they can be ready to take the next delivery assignment.

24.     Additionally, when GrubHub assigns a delivery to a driver, GrubHub requires the driver to arrive at the restaurant by a designated time or risk being terminated. Thus, as a practical matter, the delivery drivers must remain in their cars or with their bicycles, or very near to their cars or bicycles at all times during their shifts so that they can reach the restaurant on time when a delivery job is assigned.

25.     Given the frequency and duration of delivery assignments while drivers are on shift, as well as the requirement that the drivers in their cars or with their bicycles, or very near to their cars or bicycles at all times during their shifts, the drivers as a general matter cannot engage in personal non-work activities during their GrubHub shifts.

5

26. As a result, drivers are working throughout their entire shifts and this time is all compensable under federal and state wage standards.

27. GrubHub drivers are generally paid through a flat fee for each delivery completed plus gratuities added by customers (though GrubHub at times will supplement these payments).

28. Drivers bear much of their own expenses, which include the cost of fuel and the cost of owning or leasing, and maintaining their vehicles or bicycles, as well as cellular data costs.

29. Because drivers are paid by the delivery (though they sometimes receive an hourly rate of pay), and have been required to pay expenses necessary to do their job, their weekly pay rates have fallen below federal or state minimum wage in many weeks.

30. Although GrubHub will at times supplement the drivers' payments, GrubHub cannot count the drivers' gratuities towards its minimum wage obligations because GrubHub does not qualify to take the "tip credit" against the minimum wage, pursuant to of 29 U.S.C. § 203(m) and similar state requirements (in states where the tip credit is even allowed). The tip credit is not allowed in California.

31. GrubHub does not qualify to take the "tip credit" because it does not acknowledge its delivery drivers to be employees and because it has not given notice as required by federal and state law of its intention to take the "tip credit" against the minimum wage.

32.    Thus, there were weeks in which the amounts paid by GrubHub to Plaintiffs Wallace and Bryant (less gratuities and expenses) fell below federal and state minimum wage.

33.    Also, drivers have regularly worked more than forty hours per week, but GrubHub does not pay drivers overtime wages (time-and-a-half the regular rate) for these hours.

34.    For example, between July 2016 and March 2017, there were weeks in which Plaintiff Wallace worked between 40 and 50 hours per week, but GrubHub has not paid her overtime wages (time-and-a-half the regular rate) for the hours she worked in excess of forty per week.

35.    Between May 2016 and the present, Plaintiff Bryant regularly worked 50 or more hours per week, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

## V.    COLLECTIVE ACTION ALLEGATIONS

36.    Plaintiffs bring Counts I (violation of the FLSA overtime provision, 29 U.S.C. § 207) and II (violation of the FLSA minimum wage provision, 29 U.S.C. § 206) as a collective action on behalf of GrubHub delivery drivers who have worked anywhere in the country who may choose to opt in to this action.

37.    These drivers who may opt in to this collective action are similarly situated to the named plaintiffs. They have all held the same job positions, signed virtually identical agreements, and have worked under substantially similar job requirements and pay provisions. They have been subject to the same common practices, policies, and plans of GrubHub, including not being paid time-and-a-half their regular rate for hours

worked past 40 per week and not being guaranteed the federal minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles or bicycles, and cellular data costs).

## VI.  CLASS ACTION ALLEGATIONS

38.  Plaintiffs also bring this case as a class action on behalf of GrubHub delivery drivers who have worked in Illinois and California.

39.  These Illinois and California classes meet the prerequisites of Fed. R. Civ. P. 23 in that:

   a. The classes are so numerous that joining all members is impracticable. The exact number of the members of each class is unknown, but it is estimated that there have been well more than 40 delivery drivers in each of these states. As a result, joinder of all of these individuals is impracticable.

   b. There are questions of fact and law common to all GrubHub delivery drivers, because all of those individuals were subject to a uniform policy whereby they have been misclassified as independent contractors under the laws of their respective states, they have not received overtime pay when they have worked beyond 40 hours per week (or 8 hours per day, for California drivers), and they have not been guaranteed to receive their states' minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles or bicycles, and cellular data costs).

c. With respect to these common issues, the claims of the named plaintiffs are typical of the claims of GrubHub delivery drivers who have worked in each of these states.

d. Plaintiffs and their counsel will fairly and adequately represent the interests of each class. The named plaintiffs have no interests adverse to or in conflict with the class members whom they propose to represent. Plaintiffs' counsel have litigated and successfully resolved many dozens of class action cases involving wage and hour claims, and particularly claims involving independent contractor misclassification.

e. The questions of law or fact common to all members of each class predominate over any questions affecting only individual members. The common questions include, among other things, whether GrubHub delivery drivers have been misclassified as independent contractors, whether or not GrubHub reimbursed them for expenses they bore in order to perform their work, such as fuel, vehicle or bicycle maintenance, and cellular data, whether GrubHub's pay policies caused their weekly compensation to fall below minimum wage, and whether they are owed overtime pay for time worked in excess of forty hours per week (or in excess of eight hours per day for drivers in California). These common issues predominate over individualized issues.

f. Litigating these claims as a class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient

9

duplication of discovery for many GrubHub drivers in these states, briefing of legal issues, and court proceedings.

## COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

GrubHub's conduct in failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

GrubHub's conduct in failing to pay its drivers the federal minimum wage (including its practice of requiring its drivers to bear expenses such as fuel, vehicle or bicycle maintenance, and cell phone data, which has caused the drivers' weekly compensation to fall below the federal minimum wage), violates the FLSA, 29 U.S.C. § 206. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### FAILURE TO PAY OVERTIME IN VIOLATION OF ILLINOIS LAW

Plaintiff Wallace brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week.

## COUNT IV
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW

Plaintiff Wallace brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, by knowingly and willfully failing to pay its drivers the Illinois state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle or bicycle maintenance costs, and cell phone data costs.

## COUNT V
### FAILURE TO PAY OVERTIME IN VIOLATION OF CALIFORNIA LAW

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has violated the California Overtime Law, Cal. Lab. Code §§ 1194, 1198, 510 and 554, by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week or in excess of eight hours per day.

**COUNT VI**
FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
CAL. LAB. CODE §§ 1197 AND 1194

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has knowingly and willfully failed to pay its drivers the California state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle or bicycle maintenance costs, and cell phone data costs, in violation of Cal. Lab. Code §§ 1197 and 1194.

**COUNT VII**
FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF
CAL. LAB. CODE § 2802

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has knowingly and willfully failed to reimburse its drivers for all expenses necessary to perform deliveries such as fuel costs, the cost of owning, leasing, and/or maintaining their vehicles or bicycles, and cell phone data costs, in violation of Cal. Lab. Code § 2802.

**COUNT VIII**
VIOLATION OF CAL. BUS & PROF. CODE §§ 17200, *et seq.*

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. ¶ Prof. Code §§ 17200 *et seq.* ("UCL"). GrubHub's conduct constitutes unlawful business acts or practices, in that GrubHub has violated California Labor Code Sections 2802, 1197, and 1194. As a result of GrubHub's unlawful conduct, Plaintiff Bryant and class members suffered injury in fact

and lost money and property, including, but not limited to, necessary business expenses that drivers were required to pay and damages incurred due to GrubHub's failure to pay minimum wage and overtime and reimburse for necessary business expenses. Pursuant to California Business and Professions Code ¶ 17203, Plaintiff Bryant and class members seek declaratory relief and injunctive relief for GrubHub's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff Bryant and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred with bringing this action.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Permission for Plaintiffs to notify other GrubHub drivers of their right to opt-in to this action under the FLSA, pursuant to 29 U.S.C. § 216(b);

2. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts III and IV and appoint Plaintiff Wallace and her counsel to represent a class of GrubHub delivery drivers who have worked in Illinois;

3. Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts V, VI, and VII, and appoint Plaintiff Bryant and his counsel to represent a class of GrubHub delivery drivers who have worked in California.

4. Find and declare that GrubHub violated the following statutes: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*; and (3) the California Labor Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208.

5. Award compensatory damages, including all wages owed, in an amount according to proof;

6. Award all costs and attorney's fees incurred prosecuting this claim;

7. Award liquidated damages and all appropriate statutory and regulatory damages;

8. Interest and costs;

9. Injunctive relief in the form of an order directing GrubHub to comply with the FLSA, Illinois state law, and California state law.

10. Any other relief to which Plaintiffs and class members may be entitled.

Dated: June 29, 2018

                    Respectfully submitted,
                    CARMEN WALLACE and BRODERICK BRYANT on behalf of themselves and all others similarly situated,

                    By their attorneys,

                    /s/ James B. Zouras
                    James B. Zouras
                    Ryan Stephan
                    Stephan Zouras, LLP
                    205 N. Michigan Avenue, Suite 2560
                    Chicago, Illinois 60601
                    312-233-1550
                    jzouras@stephanzouras.com
                    rstephan@stephanzouras.com

                    Shannon Liss-Riordan, *pro hac vice anticipated*
                    Thomas Fowler, *pro hac vice anticipated*
                    LICHTEN & LISS-RIORDAN, P.C.
                    729 Boylston Street, Suite 2000
                    Boston, Massachusetts 02116
                    (617) 994-5800
                    sliss@llrlaw.com
                    tfowler@llrlaw.com

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on June 29, 2018, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                /s/ Ryan F. Stephan