**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARMEN WALLACE and BRODERICK BRYANT, individually and on behalf of all other similarly situated individuals,<br><br>       Plaintiffs,<br><br>  v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>       Defendants. | Civil Action No.  1:18-cv-04538<br><br>Honorable Edmond E. Chang |

**DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES
TO PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants Grubhub Holdings Inc. and Grubhub Inc. ("Grubhub" or "Defendants") hereby submit their Answer and Additional Defenses to Plaintiffs' Collective and Class Action Complaint ("Complaint").  Defendants deny each and every allegation contained in Plaintiffs' Complaint that is not specifically admitted in this Answer, and, responding to the correspondingly numbered paragraphs of Plaintiffs' Complaint, state as follows:

## I.  INTRODUCTION

1.     This is a collective and class action brought on behalf of delivery drivers who have worked for GrubHub Holdings Inc. and GrubHub Inc. (together referred to as "GrubHub"). GrubHub is a food delivery service that employs delivery drivers who can be scheduled and dispatched through a mobile phone application or through GrubHub's website and who deliver food orders from restaurants to customers at their homes and businesses.

**ANSWER:**     Admitted in part; denied in part.  Defendants admit that Grubhub is a technology company that connects certain restaurants with independent delivery partners who specialize in delivering food orders from restaurants to customers at their homes and businesses.

Defendants also admit that Plaintiffs purport to bring this lawsuit as a collective and class action on behalf of themselves and other independent delivery providers. Defendants deny the remaining allegations set forth in Paragraph 1 of the Complaint.[1]

2.      As described further below, GrubHub has misclassified its delivery drivers as independent contractors and, in so doing, has committed wage and hour violations under a variety of federal and state statutes, including: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; (2) the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq.; and (3) the California Labor Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208.

**ANSWER:**      Denied.

-----

[1] Plaintiffs were previously opt-in plaintiffs in the related case of *Souran v. GrubHub Holdings Inc. et al*, No. 16-cv-6720 (N.D. Ill.), which contains virtually identical allegations to this case. Plaintiffs have withdrawn their opt-ins in the *Souran* case and have filed this case on behalf of numerous GrubHub drivers who attempted to opt-in to the *Souran* case but submitted their opt-in forms past the deadline. Because GrubHub would not agree to these drivers' opt-in forms being submitted late in the *Souran* case, Plaintiffs have filed this new case as a related case.

**ANSWER TO FOOTNOTE:**      Admitted in part; denied in part. Defendants admit Plaintiffs sought to opt-in to the *Souran v. Grubhub Holdings Inc. et al*, No. 16-cv-6720 (N.D. Ill) matter by filing Opt-In Consent Forms, that Plaintiffs' Opt-In Consent Forms were filed after the opt-in deadline, that Plaintiffs have withdrawn their Opt-In Consent Forms from the *Souran* matter, that Plaintiffs purport to have filed this case on behalf of individuals they characterize as drivers who also sought to opt into the *Souran* matter, and that this matter is related to the *Souran* matter. Defendants deny the remaining allegations set forth in footnote 1 of the Complaint.

3.     Plaintiffs bring these claims under the FLSA on behalf of themselves and similarly situated GrubHub delivery drivers across the country who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Plaintiffs purport to bring claims under the Fair Labor Standards Act ("FLSA") on behalf of themselves and other individuals they allege to be similarly situated. Defendants deny they engaged in any unlawful conduct, that there are other individuals who are similarly situated, or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under the FLSA.

4.     Plaintiffs also bring these claims under the laws of the states in which they have worked pursuant to Fed. R. Civ. P. 23.

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Plaintiffs purport to bring their claims under Illinois and California law pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under Illinois and California law.

II.     **PARTIES**

5.     Plaintiff Carmen Wallace is an adult resident of Chicago, Illinois. Ms. Wallace worked as a delivery driver for GrubHub in Chicago, Illinois, from approximately July 2016 to March 2017.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5 of the Complaint that Carmen Wallace is an adult resident of Chicago, Illinois, and on that basis, deny the allegation. Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

6.    Plaintiff Broderick Bryant is an adult resident of Norwalk, California. Mr. Bryant has worked as a delivery driver for GrubHub in Long Beach, California, since approximately May 2016 and continues to work for GrubHub.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6 of the Complaint that Broderick Bryant is an adult resident of Norwalk, California, and on that basis, deny the allegation. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.    Plaintiffs bring this action on behalf of GrubHub delivery drivers across the country, who may choose to "opt-in" to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**ANSWER:**    Admitted in part; denied in part. Defendants admit that Plaintiffs purport to bring this action behalf of other individuals and pursuant to the Fair Labor Standards Act ("FLSA"). Defendants deny they engaged in any unlawful conduct, that there are other individuals who are similarly situated, or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under the FLSA.

8.    Plaintiff Wallace also brings claims under the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., on behalf of GrubHub delivery drivers who have worked in Illinois, pursuant to Fed. R. Civ. P. 23.

**ANSWER:**    Admitted in part; denied in part. Defendants admit that Plaintiff Wallace purports to bring claims under the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., on behalf of other individuals pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct, or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever.

9.      Plaintiff Bryant also brings claims under Cal. Lab. Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208 on behalf of GrubHub delivery drivers who have worked in California, pursuant to Fed. R. Civ. P. 23.

**ANSWER:**      Admitted in part; denied in part. Defendants admit that Plaintiff Bryant purports to bring claims under the Cal. Lab. Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208, on behalf of other individuals pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct, or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever.

10.      Defendants GrubHub Holdings Inc. and GrubHub Inc. (together "GrubHub") are Delaware corporations with their principal place of business in Chicago, Illinois. Defendants run a business that provides food delivery services throughout the country.

**ANSWER:**      Admitted in part; denied in part. Defendants admit that Grubhub Holdings Inc. and Grubhub Inc. are Delaware corporations having a principal place of business in Chicago, Illinois.  Defendants also admit that Grubhub is a technology company that connects certain restaurants with independent delivery partners who specialize in delivering food orders from restaurants to customers at their homes and businesses. Defendants deny the remaining allegations set forth in Paragraph 10 of the Complaint.

## III.    <u>JURISDICTION AND VENUE</u>

11.      This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 29 U.S.C. § 1367.

**ANSWER:**      The allegations contained in Paragraph 11 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is

required, Defendants admit that the Court has jurisdiction over Plaintiffs' FLSA claims and supplemental jurisdiction over state law claims asserted in this Complaint.

12.     The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Wallace worked for GrubHub in Chicago, Illinois, and GrubHub's principal place of business is in Chicago, Illinois.

**ANSWER:**     The allegations contained in Paragraph 12 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny that this Court is the proper venue for this action.

IV.     **STATEMENT OF FACTS**

13.     GrubHub is a business that provides food delivery service to customers in cities throughout the country via an on demand dispatch system.

**ANSWER:**     Denied.

14.     GrubHub offers customers the ability to request a food delivery on a mobile phone application or online through its website.

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Grubhub is a technology company that connects, using its website and mobile phone application, certain restaurants with independent delivery partners who specialize in delivering food orders from restaurants to customers at their homes and businesses. Defendants deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     GrubHub delivery drivers fulfill these food delivery orders by traveling – via car or bicycle – to the requested restaurant, picking up the customer's food order, and then delivering the order to the customer at their home or business.

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Grubhub connects certain restaurants with independent delivery partners who specialize in delivering food orders

from restaurants to customers at their homes and businesses. Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint.

16.     GrubHub's website advertises that "GrubHub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants."

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Grubhub has stated on its website, at certain times, that "Grubhub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants." Except as expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17.     Although classified as independent contractors, GrubHub delivery drivers are employees under federal and state law.  GrubHub directs the delivery drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by GrubHub regarding handling of the food and timeliness of the deliveries. GrubHub retains the right to terminate the drivers at will.

**ANSWER:**     Admitted in part, denied in part.  Defendants admit that they classify as independent contractors the independent delivery partners who specialize in delivering food orders from restaurants to customers.  Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18.     In addition, GrubHub is in the business of providing food delivery services to customers, and this is the very service its drivers provide.  The drivers' services are fully integrated into, and indeed essential to, GrubHub's food delivery business.

**ANSWER:**    Denied.

19.    GrubHub drivers typically work on scheduled shifts (such as blocks of time lasting between one and four hours). While drivers are on shift, they must stay within an area assigned by GrubHub and must remain available to accept delivery assignments.

**ANSWER:**    Denied.

20.    During their shifts, drivers are frequently contacted by dispatchers who instruct them on what they need to be doing and where they need to be. If the drivers did not follow the dispatchers' instructions, they will not receive job assignments, or their shifts will be cancelled. The drivers also risk termination if they do not adhere to the dispatchers' instructions.

**ANSWER:**    Denied.

21.    During their shifts, drivers are typically assigned at least one and sometimes as many as four delivery jobs per hour. Delivery assignments can typically take between thirty minutes and an hour and a half to complete.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to whether independent delivery partners typically received requests to perform between one and four delivery jobs per hour, or whether each delivery would typically take between thirty minutes and an hour and a half to complete, and on that basis, deny these allegations. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22.    Drivers are required to accept job assignments during their shifts. If a driver's job acceptance rate falls below what GrubHub deems acceptable, GrubHub may terminate the driver or not pay them a guaranteed hourly rate.  Frequently drivers receive multiple job assignments at the same time and so cannot always accept all of them. However, in order to avoid being terminated, they must accept as many assignments as possible.

**ANSWER:** Denied.

23.     While on shift, drivers are required to remain in their cars or with their bicycles, or very near to their cars or bicycles in the zone that GrubHub has designated so that they can be ready to take the next delivery assignment.

**ANSWER:** Denied.

24.     Additionally, when GrubHub assigns a delivery to a driver, GrubHub requires the driver to arrive at the restaurant by a designated time or risk being terminated. Thus, as a practical matter, the delivery drivers must remain in their cars or with their bicycles, or very near to their cars or bicycles at all times during their shifts so that they can reach the restaurant on time when a delivery job is assigned.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to whether any particular independent delivery partner, in his or her experience, had to be in or very near to his or her car or bicycles at all times to be able to reach the restaurant on time when he or she received a delivery request. On that basis, Defendants deny the allegation. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Given the frequency and duration of delivery assignments while drivers are on shift, as well as the requirement that the drivers in their cars or with their bicycles, or very near to their cars or bicycles at all times during their shifts, the drivers as a general matter cannot engage in personal non-work activities during their GrubHub shifts.

**ANSWER:** Denied.

26.     As a result, drivers are working throughout their entire shifts and this time is all compensable under federal and state wage standards.

**ANSWER:** The allegations contained in Paragraph 26 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

27.     GrubHub drivers are generally paid through a flat fee for each delivery completed plus gratuities added by customers (though GrubHub at times will supplement these payments).

**ANSWER:** Admitted in part, denied in part.  Defendants admit that independent delivery partners receive service fees and may earn gratuities from customers for providing delivery services. Defendants deny the remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Drivers bear much of their own expenses, which include the cost of fuel and the cost of owning or leasing, and maintaining their vehicles or bicycles, as well as cellular data costs.

**ANSWER:** Admitted in part, denied in part.  Defendants admit that independent delivery partners are responsible for the expenses they incur in providing their services. Defendants lack knowledge or information sufficient to form a belief as to whether independent delivery partners who use the Grubhub online platform have incurred expenses, and on that basis, Defendants deny the allegation. Defendants deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     Because drivers are paid by the delivery (though they sometimes receive an hourly rate of pay), and have been required to pay expenses necessary to do their job, their weekly pay rates have fallen below federal or state minimum wage in many weeks.

**ANSWER:** Admitted in part, denied in part.  Defendants admit that independent delivery partners receive fees for providing delivery services and are responsible for the

expenses they incur in providing their services. Defendants lack knowledge or information sufficient to form a belief as to whether independent delivery partners who use the Grubhub online platform have incurred expenses, and on that basis, Defendants deny the allegation. The remaining allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required. Defendants deny the remaining allegations set forth in Paragraph 29 of the Complaint.

30.     Although GrubHub will at times supplement the drivers' payments, GrubHub cannot count the drivers' gratuities towards its minimum wage obligations because GrubHub does not qualify to take the "tip credit" against the minimum wage, pursuant to of 29 U.S.C. § 203(m) and similar state requirements (in states where the tip credit is even allowed). The tip credit is not allowed in California.

**ANSWER:**     Admitted in part, denied in part. Defendants admit that independent delivery partners receive service fees and may earn gratuities from customers for providing delivery services. The remaining allegations contained in Paragraph 30 of the Complaint state conclusions of law to which no responsive pleading is required. Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     GrubHub does not qualify to take the "tip credit" because it does not acknowledge its delivery drivers to be employees and because it has not given notice as required by federal and state law of its intention to take the "tip credit" against the minimum wage.

**ANSWER:**     Admitted in part, denied in part. Defendants admit that independent delivery partners are not Grubhub's employees. The remaining allegations contained in Paragraph 30 of the Complaint state conclusions of law to which no responsive pleading is required. Defendants deny the remaining allegations set forth in Paragraph 31 of the Complaint.

32. Thus, there were weeks in which the amounts paid by GrubHub to Plaintiffs Wallace and Bryant (less gratuities and expenses) fell below federal and state minimum wage.

**ANSWER:** The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny that independent delivery partners who use the Grubhub online platform are employees who are eligible for federal and state minimum wage. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33. Also, drivers have regularly worked more than forty hours per week, but GrubHub does not pay drivers overtime wages (time-and-a-half the regular rate) for these hours.

**ANSWER:** Defendants deny that independent delivery partners who use the Grubhub online platform are employees who are eligible for overtime wages. Defendants lack knowledge or information sufficient to form a belief as to whether independent delivery partners regularly worked more than forty hours per week, and on that basis, Defendants deny these allegations. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34. For example, between July 2016 and March 2017, there were weeks in which Plaintiff Wallace worked between 40 and 50 hours per week, but GrubHub has not paid her overtime wages (time-and-a-half the regular rate) for the hours she worked in excess of forty per week.

**ANSWER:** Defendants deny that Plaintiff Wallace is a Grubhub employee who is eligible for overtime wages. Defendants lack knowledge or information sufficient to form a belief as to whether there were weeks in which Plaintiff Wallace worked between 40 and 50 hours per week, and on that basis, Defendants deny these allegations. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Between May 2016 and the present, Plaintiff Bryant regularly worked 50 or more hours per week, but GrubHub has not paid him overtime wages (time-and-a-half the regular rate) for the hours he worked in excess of forty per week.

**ANSWER:**     Defendants deny that Plaintiff Bryant is a Grubhub employee who is eligible for overtime wages. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Bryant regularly worked 50 or more hours per week, and on that basis, Defendants deny these allegations. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

## V.     COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs bring Counts I (violation of the FLSA overtime provision, 29 U.S.C. § 207) and II (violation of the FLSA minimum wage provision, 29 U.S.C. § 206) as a collective action on behalf of GrubHub delivery drivers who have worked anywhere in the country who may choose to opt in to this action.

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Plaintiffs purport to bring "Counts I (violation of the FLSA overtime provision, 29 U.S.C. § 207) and II (violation of the FLSA minimum wage provision, 29 U.S.C. § 206)" as a collective action on behalf of themselves and other individuals they allege to be similarly situated.  Defendants deny they engaged in any unlawful conduct, that there are other individuals who are similarly situated, or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under the FLSA.

37.     These drivers who may opt in to this collective action are similarly situated to the named plaintiffs. They have all held the same job positions, signed virtually identical agreements, and have worked under substantially similar job requirements and pay provisions. They have been subject to the same common practices, policies, and plans of GrubHub,

including not being paid time-and-a-half their regular rate for hours worked past 40 per week and not being guaranteed the federal minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles or bicycles, and cellular data costs).

**ANSWER:** The allegations contained in Paragraph 37 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny that independent delivery partners who use the Grubhub online platform are employees who are eligible for minimum and overtime wages. Defendants also deny that Plaintiffs are similarly situated to any putative class or collective members, that this case is appropriate for class or collective treatment, and that Plaintiffs or any other individual is entitled to any relief. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, and on that basis, deny the allegations.

## VI.  CLASS ACTION ALLEGATIONS

38.     Plaintiffs also bring this case as a class action on behalf of GrubHub delivery drivers who have worked in Illinois and California.

**ANSWER:**     Admitted in part; denied in part. Defendants admit that Plaintiffs purport to bring this case as a class action on behalf of other independent delivery providers who allegedly performed delivery services in Illinois and California.

39.     These Illinois and California classes meet the prerequisites of Fed. Civ. P. 23 in that:

**ANSWER:**     The allegations contained in Paragraph 39 of the Complaint, including subparts a. – f. state conclusions of law to which no responsive pleading is required.  To the

extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint and its subparts.

     a.    The classes are so numerous that joining all members is impracticable. The exact number of the members of each class is unknown, but it is estimated that there have been well more than 40 delivery drivers in each of these states. As a result, joinder of all of these individuals is impracticable.

**ANSWER:**   The allegations contained in Paragraph 39.a. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, admitted in part and denied in part. Defendants admit that there were more than 40 independent delivery partners in Illinois and California. Defendants deny the remaining allegations contained in Paragraph 39.a. of the Complaint.

     b.    There are questions of fact and law common to all GrubHub delivery drivers, because all of those individuals were subject to a uniform policy whereby they have been misclassified as independent contractors under the laws of their respective states, they have not received overtime pay when they have worked beyond 40 hours per week (or 8 hours per day, for California drivers), and they have not been guaranteed to receive their states' minimum wage (particularly when taking into account the expenses they must bear, including for owning or leasing, and maintaining, their vehicles or bicycles, and cellular data costs).

**ANSWER:**   The allegations contained in Paragraph 39.b. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, admitted in part and denied in part. Defendants admit that independent delivery

partners are not Grubhub's employees who are eligible for minimum and overtime wages. Defendants deny the remaining allegations contained in Paragraph 39.b. of the Complaint.

      c.     With respect to these common issues, the claims of the named plaintiffs are typical of the claims of GrubHub delivery drivers who have worked in each of these states.

**ANSWER:** The allegations contained in Paragraph 39.c. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, admitted in part and denied in part. Defendants admit that independent delivery providers performed services in Illinois and California. Defendants deny the remaining allegations contained in Paragraph 39.c. of the Complaint.

      d.     Plaintiffs and their counsel will fairly and adequately represent the interests of each class. The named plaintiffs have no interests adverse to or in conflict with the class members whom they propose to represent. Plaintiffs' counsel have litigated and successfully resolved many dozens of class action cases involving wage and hour claims, and particularly claims involving independent contractor misclassification.

**ANSWER:** The allegations contained in Paragraph 39.d. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39.d. of the Complaint.

      e.     The questions of law or fact common to all members of each class predominate over any questions affecting only individual members. The common questions include, among other things, whether GrubHub delivery drivers have been misclassified as independent contractors, whether or not GrubHub reimbursed

-16-

them for expenses they bore in order to perform their work, such as fuel, vehicle or bicycle maintenance, and cellular data, whether GrubHub's pay policies caused their weekly compensation to fall below minimum wage, and whether they are owed overtime pay for time worked in excess of forty hours per week (or in excess of eight hours per day for drivers in California). These common issues predominate over individualized issues.

**ANSWER:** The allegations contained in Paragraph 39.e. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39.e. of the Complaint.

f. Litigating these claims as a class action is superior to other available methods for the fair and efficient adjudication of these claims. Among other things, individual adjudications would result in a highly inefficient duplication of discovery for many GrubHub drivers in these states, briefing of legal issues, and court proceedings.

**ANSWER:** The allegations contained in Paragraph 39.f. of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39.f. of the Complaint.

**COUNT I**
**FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA**

GrubHub's conduct in failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants deny the allegations contained in this non-numbered paragraph of the Complaint.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

GrubHub's conduct in failing to pay its drivers the federal minimum wage (including its practice of requiring its drivers to bear expenses such as fuel, vehicle or bicycle maintenance, and cell phone data, which has caused the drivers' weekly compensation to fall below the federal minimum wage), violates the FLSA, 29 U.S.C. § 206. GrubHub's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of GrubHub drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants deny the allegations contained in this non-numbered paragraph of the Complaint.

## COUNT III
### FAILURE TO PAY OVERTIME IN VIOLATION OF ILLINOIS LAW

Plaintiff Wallace brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week.

**ANSWER:**    The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Wallace purports to bring this claim under Illinois law pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under Illinois law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

**COUNT IV**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF ILLINOIS MINIMUM WAGE LAW**

Plaintiff Wallace brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in Illinois. GrubHub has violated the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., by knowingly and willfully failing to pay its drivers the Illinois state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle or bicycle maintenance costs, and cell phone data costs.

**ANSWER:**    The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Wallace purports to bring this claim under Illinois law pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under Illinois law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

**COUNT V**

FAILURE TO PAY OVERTIME IN VIOLATION OF CALIFORNIA LAW

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has violated the California Overtime Law, Cal. Lab. Code §§ 1194, 1198, 510 and 554, by knowingly and willfully failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week or in excess of eight hours per day.

**ANSWER:** The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Bryant purports to bring this claim under California law pursuant to Fed. R. Civ. P. 23. Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under California law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

**COUNT VI**

FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CAL. LAB. CODE
§§ 1197 AND 1194

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has knowingly and willfully failed to pay its drivers the California state minimum wage for all hours worked, as they were required to bear the expenses of their work such as fuel costs, vehicle or bicycle maintenance costs, and cell phone data costs, in violation of Cal. Lab. Code §§ 1197 and 1194.

**ANSWER:** The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants

incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Bryant purports to bring this claim under California law pursuant to Fed. R. Civ. P. 23. Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under California law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

### COUNT VII
#### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub has knowingly and willfully failed to reimburse its drivers for all expenses necessary to perform deliveries such as fuel costs, the cost of owning, leasing, and/or maintaining their vehicles or bicycles, and cell phone data costs, in violation of Cal. Lab. Code § 2802.

**ANSWER:** The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Bryant purports to bring this claim under California law pursuant to Fed. R. Civ. P. 23. Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under California law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

## COUNT VIII
### VIOLATION OF CAL. BUS & PROF. CODE §§ 17200, et seq.

Plaintiff Bryant brings this claim pursuant to Fed. R. Civ. P. 23 on behalf of GrubHub drivers who have worked in California. GrubHub's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. ¶ Prof. Code §§ 17200 et seq. ("UCL"). GrubHub's conduct constitutes unlawful business acts or practices, in that GrubHub has violated California Labor Code Sections 2802, 1197, and 1194. As a result of GrubHub's unlawful conduct, Plaintiff Bryant and class members suffered injury in fact and lost money and property, including, but not limited to, necessary business expenses that drivers were required to pay and damages incurred due to GrubHub's failure to pay minimum wage and overtime and reimburse for necessary business expenses. Pursuant to California Business and Professions Code ¶ 17203, Plaintiff Bryant and class members seek declaratory relief and injunctive relief for GrubHub's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff Bryant and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred with bringing this action.

**ANSWER:**   The allegations in this non-numbered paragraph state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth here. Defendants admit that Plaintiff Bryant purports to bring this claim under California law pursuant to Fed. R. Civ. P. 23.  Defendants deny they engaged in any unlawful conduct or that Plaintiffs or those they seek to represent are entitled to the relief sought or any relief whatsoever under California law. Defendants deny the remaining allegations contained in this non-numbered paragraph of the Complaint.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.  Permission for Plaintiffs to notify other GrubHub drivers of their right to opt-in to this action under the FLSA, pursuant to 29 U.S.C. § 216(b);

2.  Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts III and IV and appoint Plaintiff Wallace and her counsel to represent a class of GrubHub delivery drivers who have worked in Illinois;

3.  Certify a class action pursuant to Fed. R. Civ. P. 23 under Counts V, VI, and VII, and appoint Plaintiff Bryant and his counsel to represent a class of GrubHub delivery drivers who have worked in California.

4.  Find and declare that GrubHub violated the following statutes: (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; (2) the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq.; and (3) the California Labor Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208.

5.  Award compensatory damages, including all wages owed, in an amount according to proof;

6.  Award all costs and attorney's fees incurred prosecuting this claim;

7.  Award liquidated damages and all appropriate statutory and regulatory damages;

8.  Interest and costs;

9.  Injunctive relief in the form of an order directing GrubHub to comply with the FLSA, Illinois state law, and California state law.

10. Any other relief to which Plaintiffs and class members may be entitled.

**ANSWER:** The remainder of Plaintiffs' Complaint contains Plaintiffs' prayer for relief, which states conclusions of law to which no responsive pleading is required, and which on that basis are denied. Defendants deny that they violated (1) the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; (2) the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq.; and (3) the California Labor Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208. Defendants also deny that Plaintiffs are similarly situated to any putative class or collective members, that any notice should issue pursuant to 29 U.S.C. § 216(b), that this case is

appropriate for class or collective treatment, and that Plaintiffs or any other member of the purported collective and class are entitled to any relief on any of their claims.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants assert the following affirmative and additional defenses without waiving or excusing any burden of proof on Plaintiffs, or assuming or admitting the burden of providing any fact, issue, or element of a cause of action that otherwise does not exist as a matter of law. Defendants reserve the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. If anyone other than Plaintiffs Wallace and Bryant file a consent to join this action, Defendants reserve the right to assert any of these defenses as to each such individual.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted in whole or in part.

### SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted because recovery for the causes of action alleged in the Complaint requires the existence of an employer employee relationship, and Plaintiffs were properly classified as independent contractors, not employees, under any and all applicable legal standards.

### THIRD DEFENSE

Plaintiffs are barred from litigating their claims in this Court, because their claims are governed by the terms of applicable and binding arbitration agreements.

## FOURTH DEFENSE

Defendants allege that Plaintiffs are inadequate class representatives because, inter alia, they have entered into voluntary and enforceable agreements to submit all disputes with Defendants to binding, individual (i.e., non-class and non-collective) arbitration.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 USC §255(a), and/or any other applicable statute of limitation. No act or omission of Defendants which is alleged to violate the FLSA, Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., and Cal. Lab. Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208 was willful, knowing, or in reckless disregard for the provisions of those laws, and Plaintiffs therefore are not entitled to any extension of the relevant statute of limitations period under each statute.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the Portal-to-Portal Act, 29 U.S.C. § 259, because Defendants' actions or omissions giving rise to this action were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## SEVENTH DEFENSE

Plaintiffs' claims for liquidated damages are barred because Defendants, at all times, acted in good faith to comply with the FLSA, Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and Cal. Lab. Code §§ 1194, 1197, and 2802 and Cal. Bus. & Prof. Code §§ 17200-17208, and with reasonable grounds to believe that their actions did not violate the statutes cited in the

Complaint. No act or omission of Defendants which is alleged to violate the FLSA and/or Illinois or California law was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiffs are not entitled to any extension of the non-willful statute of limitations period.

## EIGHTH DEFENSE

To the extent that some or all of Plaintiffs' claims are barred by the applicable statutes of limitations, Plaintiffs lack standing to prosecute claims on behalf of other persons in a collective action.

## NINTH DEFENSE

To the extent that Plaintiffs' FLSA claims are not subject to dismissal, the effective date of the Complaint for Plaintiffs, for purposes of determining the relevant time period of this action, is the date their Notices of Consent were filed with the court.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages alleged in the Complaint, if any.

## ELEVENTH DEFENSE

Defendants allege that Plaintiffs' claims fail because Plaintiffs have been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, Plaintiffs have effectuated an accord and satisfaction of their claims.

## TWELTH DEFENSE

Plaintiffs' claims for pre-judgment interest are barred to the extent that applicable law does not permit recovery of liquidated damages and pre-judgment interest.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, collateral estoppel, equitable estoppel, res judicata, laches, unclean hands and/or other equitable principles.

## FOURTEENTH DEFENSE

Plaintiffs are not similarly situated to the persons whom they seek to represent, and cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the Fair Labor Standards Act or Fed. R. Civ. P. 23, including, but not limited to, numerosity, commonality, typicality of claims and defenses, and representative status and/or standing. Plaintiffs do not, and cannot, fairly and adequately represent the interests of individuals they seek to represent. Therefore, the collective and class action allegations of Plaintiffs' Complaint should be stricken and dismissed and/or certification of any class or collective should be denied.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of federal and/or state law as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his or her principal activities.

## SIXTEENTH DEFENSE

To the extent that Defendants are held liable for any unpaid overtime, such amounts should be calculated on a half-time basis.

## SEVENTEENTH DEFENSE

Even assuming, *arguendo*, that Plaintiffs were misclassified; any failure to compensate Plaintiff for time worked constituted *de minimis* violations.

**EIGHTEENTH DEFENSE**

Defendants allege that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' rights to trial by jury and due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and under Article I, Section 7 of the California Constitution.

**NINETEENTH DEFENSE**

Defendants allege that Plaintiffs' claims for injunctive relief fail to the extent one or more Plaintiffs no longer contract with Defendants or perform delivery services for Defendants' customers.

**TWENTIETH DEFENSE**

Defendants allege that their business practices were not "unfair," "unlawful," or "fraudulent" within the meaning of California Business and Professions Code §§ 17200 *et seq.*

**TWENTY-FIRST DEFENSE**

Plaintiffs are not entitled to recover anything by way of their Complaint, because as independent contractors Plaintiffs received all payments due under their contract(s).

**TWENTY-SECOND DEFENSE**

Even assuming, *arguendo*, that Plaintiffs were misclassified; Defendants had no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiffs, and did not authorize, request, require, suffer, or permit any such activity by Plaintiffs.

**TWENTY-THIRD DEFENSE**

Plaintiffs' class and collective allegations must be dismissed because an independent and individual analysis of each Plaintiffs' claims and each of Defendants' defenses to such claims is required.

### TWENTY-FOURTH DEFENSE

Any claims for expense reimbursement pursuant to Labor Code section 2802 are barred, in whole or in part, because such expenses for which Plaintiffs seek reimbursement were not incurred in direct consequence of the discharge of their duties.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. section 14501, *et seq*.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's acts and/or omissions were excused because of, among other reasons, the provisions of the agreement(s) between Defendant and Plaintiffs.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims for attorneys' fees are barred to the extent that such relief is not permitted by law or to the extent that counsel cannot establish a proper basis for recovering their fees.

\*     \*     \*

WHEREFORE, Defendants pray that Plaintiffs take nothing by their Complaint and that their Complaint be dismissed with prejudice; for judgment in their favor and against the Plaintiffs; and for such other and further relief, including attorneys' fees and costs, as may be warranted.

Dated:  August 23, 2018                    Respectfully submitted,

GRUBHUB HOLDINGS INC. and
GRUBHUB INC.

/s/ Adama K. Wiltshire
Adama K. Wiltshire (ARDC #6324855)
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO 63101
Telephone: (314) 659-2010
Facsimile: (314) 667-7963
AWiltshire@littler.com

Robert W. Pritchard, (PA #76979)*
Joshua C. Vaughn, (PA #203040)*
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7628
Facsimile: (412) 774-1957
RPritchard@littler.com
JVaughn@littler.com

Andrew M. Spurchise (NY #5360847)*
LITTLER MENDELSON, P.C.
900 Third Avenue , 8th Floor
New York, NY 10022
Telephone: (212) 583-2684
Facsimile: (212) 832-2719
ASpurchise@littler.com

*Admitted Pro Hac Vice

## **JURY DEMAND**

Defendants Grubhub Holdings Inc. and Grubhub Inc. hereby demand a jury trial on all issues so triable.


Dated:  August 23, 2018                                          LITTLER MENDELSON, P.C.


                                                                                  /s/ Adama K. Wiltshire
                                                                                  Adama K. Wiltshire (ARDC #6324855)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2018, I filed the aforementioned **DEFENDANTS'**
**ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFFS' COLLECTIVE AND**
**CLASS ACTION COMPLAINT** with the Clerk of the United States District Court for the
Northern District of Illinois, using the CM/ECF system which automatically served all counsel of
record.


*/s/Adama K. Wiltshire*
Adama K. Wiltshire (ARDC #6324855)


Firmwide:156664732.1 080381.1022