IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARMEN WALLACE and BRODERICK BRYANT, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | Civil Action No. 1:18-cv-04538<br><br>Honorable Edmund E. Chang |

**GRUBHUB'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE EXHIBITS 1 AND PORTIONS OF EXHIBIT 4 FILED WITH PLAINTIFFS' OPPOSITION TO GRUBHUB'S MOTION TO DISMISS**

Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Defendant" or "Grubhub"), by their attorneys, hereby move to strike Exhibits 1 and Exhibits D and E to Exhibit 4 (and all references thereto) that were filed by Plaintiffs in support of their Opposition to Grubhub's Motion to Dismiss Plaintiffs' Collective and Class Action Complaint. In support of this motion, Grubhub states as follows:

1. Plaintiffs filed four exhibits in support of their Opposition to Grubhub's Motion to Dismiss. Dkts. 41-1 – 41-4. **Exhibit 1** is Plaintiffs' Statement of Position Regarding The Supreme Court's Decision In *Epic Systems Corp. v. Lewis, et al.*, filed in the *Souran v. Grubhub Holdings, Inc.*, No. 17-1320 (7th Cir.) case. Dkt. 41-1. **Exhibit 4** is a declaration from Plaintiffs' counsel, Shannon Liss-Riordan, which attaches five lettered exhibits. Dkt. 41-4.[1]

---

[1] **Exhibit 2** is Grubhub's Statement of Position in the *Souran* appeal. Dkt. 41-2. Grubhub does not move to strike this exhibit, but if the Court strikes Exhibit 1 then it has no objection to the Court striking or ignoring this exhibit out of fairness and based on the relief sought in this motion. **Exhibit 3** is the Seventh Circuit's order remanding the *Souran* matter to the district court for further proceedings consistent with *Epic Systems*. Dkt. 41-3. Grubhub acknowledges

Exhibits A-C to Ms. Liss-Riordan's declaration purport to be screenshots from Grubhub's website, which Plaintiffs do not in any way attempt to authenticate. Exhibits D and E purport to be e-mails from Grubhub to an opt-in plaintiff, again not authenticated.

2. Plaintiffs' filing of Exhibit 1 amounts to the prejudicial filing of an overlength brief — without seeking leave of this Court. *See* Local Rule 7.1 (imposing 15-page limit on length of briefs filed in the Northern District of Illinois); Judge Edmond Chang's Procedures for Motion Practice. Specifically, Exhibit 1 prejudices Grubhub because it affords Plaintiffs the unfair advantage of submitting additional pages of briefing in opposition to Grubhub's Motion to Dismiss, under the guise of submitting that briefing as an exhibit, without this Court's leave to do so. *See* Exhibits 1-3. *In re Ready-Mixed Concrete Antitrust Litigation*, 261 F.R.D. 154, 161 (S.D. In. 2009) (striking excess pages when litigant filed 40-page brief in violation of the 15-page limit imposed by Local Rule 7.1) (*citing Aspera v. Copperweld Corp.*, 2006 WL 488686, at *2 (N.D. Ill. Feb.24, 2006) (noting that striking excessive pages is proper, but declining to do so only because the court would be left with absolutely nothing on which to rule). As such, Exhibit 1 must be stricken.

3. Plaintiffs' filing of Exhibits D and E to Exhibit 4, the Declaration of Plaintiffs' Counsel, is improper because it fails to set forth any foundation for Exhibits D and E attached thereto. Federal Rule of Evidence 901(a).

4. Plaintiffs do not attempt to authenticate Exhibits D and E by someone with personal knowledge of the document's genuineness and accuracy. *See* Federal Rule of Evidence 901.

---

that this Court may take judicial notice of orders of the Seventh Circuit, and therefore does not move to strike the exhibit. Grubhub respectfully suggests, however, that Exhibit 3 offers nothing to aid this Court in resolving the present dispute between the parties.

5. Plaintiffs' Counsel has no independent personal knowledge of the purported contents of Exhibits D and E other than through her representation of Plaintiffs. She is not a custodian, creator, or direct recipient of any record she purports to authenticate. Nor does she offer a declaration from the opt-in plaintiff who purportedly received the e-mails. *See Strabala v. Zhang*, 318 F.R.D. 81, 95 (N.D. Ill. Nov. 18, 2016) ("Indirect evidence sufficient to authenticate an e-mail generally consists of testimony from someone who personally retrieved the e-mail from the computer to which the e-mail was allegedly sent together with other circumstantial evidence such as the e-mail address in the header and the substance of the e-mail itself.").

6. Moreover, Exhibits D and E are not self-authenticating documents under the Federal Rules of Evidence. *See* Federal Rule of Civil Procedure 902. *United States Securities and Exchange Commission v. Berrettini*, 2015 WL 5159746, at *6 (N.D. Ill. Sept. 2015) ("Although records from government websites generally are considered to be self-authenticating, 'exhibits reflecting information from commercial websites must be authenticated by one of the methods allowed by Rule 901, including testimony from a witness with personal knowledge, expert testimony, or reference to distinctive characteristics.'") (internal citations omitted). *Strabala v. Zhang*, 318 F.R.D. 81, 95 (N.D. Ill. Nov. 18, 2016) (Even with trade inscriptions and electronic signatures, emails are not self-authenticating). As such, these documents are inadmissible and must be stricken.

7. Prior to bringing this Motion, and pursuant to this Court's Case Procedures regarding Motion Practice, Counsel for Defendants asked Plaintiffs' counsel by e-mail whether they object to this motion. Plaintiffs' counsel did not consent to the relief Defendant seeks in this motion.

WHEREFORE Grubhub respectfully requests that this Court grant this motion, and strike Exhibits 1 and Exhibits D and E to Exhibit 4 filed in support of Plaintiffs' Opposition to Defendant's motion to dismiss, and all references to these documents contained in Plaintiffs' Opposition brief.

Dated: October 4, 2018          Respectfully submitted,

GRUBHUB HOLDINGS INC. and
GRUBHUB INC.

/s/ *Adama K. Wiltshire*
Adama K. Wiltshire (ARDC #6324855)
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO 63101
Telephone: (314) 659-2010
Facsimile: (314) 667-7963
AWiltshire@littler.com

Robert W. Pritchard, (PA #76979)*
Joshua C. Vaughn, (PA #203040)*
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7628
Facsimile: (412) 774-1957
RPritchard@littler.com
JVaughn@littler.com

Andrew M. Spurchise (NY #5360847)*
LITTLER MENDELSON, P.C.
900 Third Avenue , 8th Floor
New York, NY 10022
Telephone: (212) 583-2684
Facsimile: (212) 832-2719
ASpurchise@littler.com

*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 4, 2018, I filed the aforementioned DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE EXHIBITS 1 AND PORTIONS OF EXHIBIT 4 FILED WITH PLAINTIFFS' OPPOSITION TO GRUBHUB'S MOTION TO DISMISS with the Clerk of the United States District Court for the Northern District of Illinois, using the CM/ECF system which automatically served all counsel of record.

                                      */s/Adama K. Wiltshire*
                                      Adama K. Wiltshire (ARDC #6324855)

FIRMWIDE:157643794.3 080381.1022